Sheri M. Thome, Esq.
Nevada Bar No. 008657
Chad C. Butterfield, Esq.
Nevada Bar No. 010532
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, Nevada  89101
(702) 727-1400; FAX (702) 727-1401
sheri.thome@wilsonelser.com
chad.butterfield@wilsonelser.com
*Attorneys for Defendant Target Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN ZIMMERMAN, an individual;<br><br>    Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION<br><br>    Defendant. | CASE NO.:  2:17-cv-00597-GMN-GWF<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant, TARGET CORPORATION (hereinafter "Target"), by and through its counsel of record, SHERI M. THOME, ESQ. and CHAD BUTTERFIELD, ESQ., of the law firm WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby answers Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. Answering Paragraph 1 of the Complaint, Defendant admits that it owns and/or operates a retail store located at 9275 Eastern Ave., Las Vegas, NV 89183.  The remaining allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by Target.  To the extent the remaining allegations in this paragraph could be construed as calling for a response, Target is without knowledge or information sufficient to enable it to admit or deny the remaining allegations in said paragraph, and on that basis denies each and

1152344v.1

1  every remaining allegation set forth therein.

2      2.    Answering Paragraph 2 of the Complaint, Target is without knowledge or information
3  sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies
4  each and every allegation set forth therein.

5      3.    Answering Paragraph 3 of the Complaint, Target is without knowledge or information
6  sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies
7  each and every allegation set forth therein.

8      4.    Answering Paragraph 4 of the Complaint, the allegations set forth in this paragraph
9  consist of legal conclusions which do not require any admissions or denials by Target.  To the extent
10 the allegations in this paragraph could be construed as calling for a response, Target is without
11 knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph,
12 and on that basis denies each and every allegation set forth therein.

13     5.    Answering Paragraph 5 of the Complaint, the allegations set forth in this paragraph
14 consist of legal conclusions which do not require any admissions or denials by Target.  To the extent
15 the allegations in this paragraph could be construed as calling for a response, Target is without
16 knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph,
17 and on that basis denies each and every allegation set forth therein.

18 <u>STANDING</u>

19     6.    Answering Paragraph 6 of the Complaint, the allegations set forth in this paragraph
20 consist of legal conclusions which do not require any admissions or denials by Target.  To the extent
21 the allegations in this paragraph could be construed as calling for a response, Target is without
22 knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph,
23 and on that basis denies each and every allegation set forth therein.

24     7.    Answering Paragraph 7 of the Complaint, the allegations set forth in this paragraph
25 consist of legal conclusions which do not require any admissions or denials by Target.  To the extent
26 the allegations in this paragraph could be construed as calling for a response, Target is without
27 knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph,

28

1152344v.1

1  and on that basis denies each and every allegation set forth therein.

2        8.    Answering Paragraph 8 of the Complaint, Target is without knowledge or information
3  sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies
4  each and every allegation set forth therein.

5        9.    Answering the first sentence of Paragraph 9 of the Complaint, Target admits that it
6  offers goods and services to the public.  Target is without knowledge or information sufficient to
7  enable it to admit or deny the remaining allegations in said paragraph, and on that basis denies each
8  and every remaining allegation set forth therein.

9        10.    Answering Paragraph 10 of the Complaint, Target is without knowledge or
10  information sufficient to enable it to admit or deny the allegations in said paragraph, and on that
11  basis denies each and every allegation set forth therein.

12        11.    Answering Paragraph 11 of the Complaint, Target is without knowledge or
13  information sufficient to enable it to admit or deny the allegations in said paragraph, and on that
14  basis denies each and every allegation set forth therein.

15        12.    Answering Paragraph 12 of the Complaint, Target denies each and every allegation
16  set forth therein.

17        13.    Answering Paragraph 13 of the Complaint, Target is without knowledge or
18  information sufficient to enable it to admit or deny the allegations in said paragraph, and on that
19  basis denies each and every allegation set forth therein.

20        14.    Answering Paragraph 14 of the Complaint, Target is without knowledge or
21  information sufficient to enable it to admit or deny the allegations in said paragraph, and on that
22  basis denies each and every allegation set forth therein.

23        15.    Answering Paragraph 15 of the Complaint, Target denies each and every allegation
24  set forth therein.

25  <u>THE ADA AND ITS IMPLEMENTING REGULATIONS</u>

26        16.    Answering Paragraph 16 of the Complaint, the allegations set forth in this paragraph
27  consist of legal conclusions which do not require any admissions or denials by Target.  To the extent
28

1152344v.1

the allegations in this paragraph could be construed as calling for a response, the statute referenced in this paragraph speaks for itself and Target denies any inconsistent characterization thereof.

17. Answering Paragraph 17 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by Target. To the extent the allegations in this paragraph could be construed as calling for a response, the statute referenced in this paragraph speaks for itself and Target denies any inconsistent characterization thereof.

18. Answering Paragraph 18 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by Target. To the extent the allegations in this paragraph could be construed as calling for a response, the statutes and regulations referenced in this paragraph speak for themselves and Target denies any inconsistent characterization thereof.

19. Answering Paragraph 19 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by Target. To the extent the allegations in this paragraph could be construed as calling for a response, the statutes, regulations, rules and/or other authorities referenced in this paragraph speak for themselves and Target denies any inconsistent characterization thereof.

20. Answering Paragraph 20 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by Target. To the extent the allegations in this paragraph could be construed as calling for a response, the statutes, regulations, rules and/or other authorities referenced in this paragraph speak for themselves and Target denies any inconsistent characterization thereof.

21. Answering Paragraph 21 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by Target. To the extent the allegations in this paragraph could be construed as calling for a response, the statutes, regulations, rules and/or other authorities referenced in this paragraph speak for themselves and Target denies any inconsistent characterization thereof.

22. Answering Paragraph 22 of the Complaint, the allegations set forth in this paragraph

1152344v.1

1  consist of legal conclusions which do not require any admissions or denials by Target. To the extent
2  the allegations in this paragraph could be construed as calling for a response, the statutes,
3  regulations, rules and/or other authorities referenced in this paragraph speak for themselves and
4  Target denies any inconsistent characterization thereof.

5       23. Answering Paragraph 23 of the Complaint, the allegations set forth in this paragraph
6  consist of legal conclusions which do not require any admissions or denials by Target. To the extent
7  the allegations in this paragraph could be construed as calling for a response, the statutes,
8  regulations, rules and/or other authorities referenced in this paragraph speak for themselves and
9  Target denies any inconsistent characterization thereof.

10      24. Answering Paragraph 24 of the Complaint, the allegations set forth in this paragraph
11 consist of legal conclusions which do not require any admissions or denials by Target. To the extent
12 the allegations in this paragraph could be construed as calling for a response, the statutes,
13 regulations, rules and/or other authorities referenced in this paragraph speak for themselves and
14 Target denies any inconsistent characterization thereof.

15      25. Answering Paragraph 25 of the Complaint, the allegations set forth in this paragraph
16 consist of legal conclusions which do not require any admissions or denials by Target. To the extent
17 the allegations in this paragraph could be construed as calling for a response, the statutes,
18 regulations, rules and/or other authorities referenced in this paragraph speak for themselves and
19 Target denies any inconsistent characterization thereof.

20      26. Answering Paragraph 26 of the Complaint, the allegations set forth in this paragraph
21 consist of legal conclusions which do not require any admissions or denials by Target. To the extent
22 the allegations in this paragraph could be construed as calling for a response, the statutes,
23 regulations, rules and/or other authorities referenced in this paragraph speak for themselves and
24 Target denies any inconsistent characterization thereof.

25      27. Answering Paragraph 27 of the Complaint, the allegations set forth in this paragraph
26 consist of legal conclusions which do not require any admissions or denials by Target. To the extent
27 the allegations in this paragraph could be construed as calling for a response, the statutes,

28

1152344v.1

1 regulations, rules and/or other authorities referenced in this paragraph speak for themselves and
2 Target denies any inconsistent characterization thereof.

3     28. Answering Paragraph 28 of the Complaint, the allegations set forth in this paragraph
4 consist of legal conclusions which do not require any admissions or denials by Target. To the extent
5 the allegations in this paragraph could be construed as calling for a response, Target is without
6 knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph,
7 and on that basis denies each and every allegation set forth therein.

8     29. Answering Paragraph 29 of the Complaint, the allegations set forth in this paragraph
9 consist of legal conclusions which do not require any admissions or denials by Target. To the extent
10 the allegations in this paragraph could be construed as calling for a response, Target is without
11 knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph,
12 and on that basis denies each and every allegation set forth therein.

13 <u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>

14     30. Answering Paragraph 30 of the Complaint, Target is without knowledge or
15 information sufficient to enable it to admit or deny the allegations in said paragraph, and on that
16 basis denies each and every allegation set forth therein.

17     31. Answering Paragraph 31 of the Complaint, including all subparts thereto, Target
18 denies that Plaintiff was denied full and equal access or enjoyment of the goods, services, facilities,
19 privileges, advantages, or accommodations within the premises of Target's retail store located at
20 9275 Eastern Ave., Las Vegas, NV 89183. Target is without knowledge or information sufficient to
21 enable it to admit or deny the remaining allegations in said paragraph, including all subparts thereto,
22 and on that basis denies each and every remaining allegation set forth therein.

23     32. Answering Paragraph 32 of the Complaint, Target denies each and every allegation
24 set forth therein.

25     33. Answering Paragraph 33 of the Complaint, Target denies each and every allegation
26 set forth therein.

27     34. Answering Paragraph 34 of the Complaint, Target denies each and every allegation
28

1152344v.1

set forth therein.

35. Answering Paragraph 35 of the Complaint, Target denies each and every allegation set forth therein.

## COUNT ONE: VIOLATION OF TITLE III OF ADA

36. Answering Paragraph 36 of the Complaint, Target repeats and re-alleges its responses to Paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Answering Paragraph 37 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by Target. To the extent the allegations in this paragraph could be construed as calling for a response, the statute referenced in this paragraph speaks for itself and Target denies any inconsistent characterization thereof.

38. Answering Paragraph 38 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by Target. To the extent the allegations in this paragraph could be construed as calling for a response, the statute referenced in this paragraph speaks for itself and Target denies any inconsistent characterization thereof.

39. Answering Paragraph 39 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by Target. To the extent the allegations in this paragraph could be construed as calling for a response, Target is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

40. Answering Paragraph 40 of the Complaint, Target denies each and every allegation set forth therein.

41. Answering Paragraph 41 of the Complaint, Target denies each and every allegation set forth therein.

42. Answering Paragraph 42 of the Complaint, Target generally admits that it is subject to the ADA. Target denies each and every remaining allegation set forth in this paragraph.

43. Answering Paragraph 43 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by Target. To the extent

1152344v.1

1  the allegations in this paragraph could be construed as calling for a response, the statute referenced
2  in this paragraph speaks for itself and Target denies any inconsistent characterization thereof.

3  RELIEF

4      44. Answering Paragraph 44 of the Complaint, Target denies each and every allegation
5  set forth therein.

6      45. Answering Paragraph 45 of the Complaint, Target denies that its retail store located at
7  9275 Eastern Ave., Las Vegas, NV 89183 violates the ADA.  As to the remaining allegations set
8  forth in this paragraph, is without knowledge or information sufficient to enable it to admit or deny
9  the remaining allegations in said paragraph, and on that basis denies each and every remaining
10 allegation set forth therein.

11     46. Answering Paragraph 46 of the Complaint, Target denies each and every allegation
12 set forth therein.

13     47. Answering Paragraph 47 of the Complaint, Target denies each and every allegation
14 set forth therein.

15 **AFFIRMATIVE AND OTHER DEFENSES**

16 **FIRST DEFENSE**

17 The Complaint fails to state a claim upon which relief can be granted against Target.

18 **SECOND DEFENSE**

19 Plaintiff lacks standing to seek or receive injunctive relief.

20 **THIRD DEFENSE**

21 Plaintiff was not denied access to Target's premises.

22 **FOURTH DEFENSE**

23 Barrier removal may impose an undue hardship, may not be readily achievable, may be
24 prevented by architectural and other factors, may be technically infeasible, or may not otherwise be
25 required.

26 **FIFTH DEFENSE**

27 Plaintiff's prayers for damages and injunctive relief are barred to the extent the claimed

28

1152344v.1

violations are "*de minimis*" and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

### SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH DEFENSE

Plaintiff's claims are or will become moot, in that Target has either removed, or will remove, any barrier to access alleged in Plaintiff's Complaint to the extent it is required to do so under the ADA and that such barrier removal is readily achievable and technically feasible.

### EIGHTH DEFENSE

Plaintiff's claims are barred by laches, estoppel, and/or waiver.

### NINTH DEFENSE

Plaintiff's claims against Target are barred to the extent that, with respect to any particular architectural element of the premises that allegedly departs from accessibility guidelines, the store has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

### TENTH DEFENSE

Plaintiff's claims against Defendant are barred to the extent that removal of the alleged barriers would fundamentally alter the nature of Target's store.

### ELEVENTH DEFENSE

Plaintiff's claims against Target are barred to the extent he relies on an alleged barrier where the extent of any alleged variance from the applicable regulations and standards does not exceed the range of allowable construction tolerance at the time of construction.

### TWELFTH DEFENSE

Plaintiff's claims are barred because there was no "alteration" within the meaning of the ADA that triggered an obligation to make the modifications that Plaintiff seeks and/or, to the extent there was "alteration," the modifications sought were either not triggered by the "alteration," or were triggered, but cost in excess of 20% of the overall cost of the entire "alteration."

**THIRTEENTH DEFENSE**

Plaintiff has failed to mitigate or to reasonably attempt to mitigate his damages, if any, particularly to the extent Plaintiff was aware of any alleged barriers to access and failed to use alternative accessible accommodations and/or means of access and to the extent Plaintiff alleges multiple claims for the same accessibility violation on different occasions and failed to alter his conduct.

**FOURTEENTH DEFENSE**

Plaintiff's claims against Target are barred to the extent that they interfere with Target's compliance with laws and regulations that apply equally to all persons.

**FIFTEENTH DEFENSE**

Plaintiff's claims for damages in the Complaint against Target are barred in whole or in part because Plaintiff's injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment, or control of Target.

**SIXTEENTH DEFENSE**

Plaintiff has not been denied full and equal access to the benefits, accommodations, and services offered by the subject facility and/or facilities.

**SEVENTEENTH DEFENSE**

Plaintiff may have unclean hands, barring equitable remedies, or may have an improper purpose in filing this action. Plaintiff's claims are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions, and his pattern and practice of visiting places of public accommodation without the intent of accessing goods and services and instead with the purpose of filing lawsuits, such as the current action, and incurring damages. Thus, Plaintiff's primary motive in filing this action may be the generation of damages, attorneys' fees and expert witness payments.

**EIGHTEENTH DEFENSE**

Plaintiff is not entitled to recover attorneys' fees from Target as alleged in the Complaint. In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

1152344v.1

**NINETEENTH DEFENSE**

The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiff has sued.

**TWENTIETH DEFENSE**

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Target to liability because Target accommodated and/or was ready and willing to accommodate Plaintiff's alleged disabilities by providing access via "alternative methods" other than the removal of alleged architectural barriers, such as, by personally assisting Plaintiff to overcome and/or deal with any of the barriers alleged in the Complaint.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of their failure to name an indispensable party or parties. Target hereby incorporate by reference those affirmative defenses enumerated in Rules 8 and 12 of the Federal Rules of Civil Procedure. In the event further investigation or discovery reveals the applicability of any such defenses, Target reserves the right to assert any such defense(s).

**PRAYER**

WHEREFORE, Target prays for judgment as follows:

1. That Plaintiff take nothing by way of his Complaint on file herein;

2. That Target be awarded reasonable attorneys' fees and costs in this matter; and

3. For such and further relief as this Court may deem just and proper.

DATED this 31st day of May, 2017.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Chad C. Butterfield, Esq.*
Sheri M. Thome, Esq.
Nevada Bar No. 008657
Chad C. Butterfield, Esq.
Nevada Bar No. 010532
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
*Attorneys for Defendant Target Corporation*

1152344v.1

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on this 31st day of May, 2017, I served a true and correct copy of the foregoing **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk; and/or

☐ via hand-delivery to the addressees listed below; and/or

☐ via facsimile; and/or

☐ by transmitting via email the document listed above to the email address set forth below on this date before 5:00 p.m. (PST/PDT).

Whitney C. Wilcher, Esq.
**THE WILCHER FIRM**
8465 West Sahara Avenue
Suite 111-236
Las Vegas, NV  89117
(702) 528-5201
wcwilcher@hotmail.com
*Attorney for Plaintiff Kevin Zimmerman*

By: ___*/s/ Heidi Davis*___
An Employee of WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Page 12 of 12

1152344v.1